**EUCLID (City), Plaintiff-Appellant v. VOGELIN et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21233.   Decided April 4, 1949.

Paul Torbet, Cleveland, for plaintiff-appellant.
Arthur P. Gustafson, Cleveland, for defendants-appellees.

(CONN, J., of the 6th District, sitting by designation in place of MORGAN, PJ.)

**OPINION**

By CONN, J.

The appeal in this case on questions of law was taken by the plaintiff from a judgment rendered against it by the court of common pleas.

The plaintiff, City of Euclid, determined to appropriate certain real estate of the defendants for purposes of a park and recreational center, and a Resolution of Necessity for that purpose was adopted by the Council in November, 1945 and notice given.

On July 29, 1946, plaintiff filed its petition in the common pleas court praying that a jury be empanelled to assess the compensation to be paid by plaintiff for the property of the defendants described therein and that upon payment to the owners of the amount so assessed possession of said property be awarded.

On August 30, 1946 an answer to this petition was filed by defendants and on October 24, 1947, more than one year later. defendants filed a motion to advance the cause for immediate trial. This motion was granted and the cause advanced to the trial list for November 17, 1947. Shortly preceding the trial date, on November 14, 1947, on application of the plaintiff, the action was dismissed without prejudice at plaintiff's costs for which costs judgment was rendered.

Thereafter, on November 21, 1947, the defendant, Eugene E. Vogelin, filed his motion to retax the costs "so as to include in such costs such counsel fees and other expenses as have been incurred by said defendant in the preparation for the trial of this action * * *."

The motion to retax the costs was granted on April 15, 1948 and the issues raised were submitted to the court on July 15, 1948, and a finding was made that the defendant incurred expenses in counsel fees of the reasonable value of $750.00, and for real estate appraisal fees of the reasonable value of $400.00. Judgment was entered accordingly against the plaintiff and further that said amounts be included and taxed as costs.

For its assignment of errors plaintiff specified and sets forth four errors of the trial court, to-wit:

That the court erred in granting the motion of defendant to retax the costs; erred in retaxing costs; erred in overruling the motion of plaintiff to vacate the order retaxing the costs; and that the judgment is contrary to law.

The gist of the errors assigned is that the judgment from which the appeal is taken is contrary to law.

It appears from the record that the property appropriated by the resolution of Council consists of about twelve acres of land lying between Lake Erie and Lake Shore Boulevard, with a frontage on each of a little over 400 feet. It also appears that the property was improved with three dwelling houses and a barn and was of the value of between $80,000.00 and $90,000.00.

The question presented, as stated by appellant, is this:

"If a municipality voluntarily abandons appropriation proceedings, before trial, and dismisses the action, can the court tax as part of the costs an attorney's fees to be paid to counsel for the land owner, and an appraiser's fee to be paid to an appraiser retained by the land owner?"

It is conceded that the answer to this question must be found within the special powers given municipal corporations by the Code for the exercise of the right of eminent domain. The section of the Code pertinent and applicable to the issues in the instant case is §3697 GC, which is as follows:

"Sec. 3697: When a municipal corporation makes an appropriation of property, and fails to pay or take possession thereof, within six months after the assessment of compensation shall have been made, its right to make such appropriation on the terms of the assessment so made shall be relieved from all incumbrance on account of any of the proceedings in such case, and the judgment or order of the court directing such assessment, to be paid, shall cease to be of any affect, except as to the costs adjudged against the corporation. Upon motion of any defendant, such costs may be retaxed, and a reasonable attorney's fee paid to the attorney of such defendant, which, together with any other proper expenses incurred by the defendant, may be included in the costs."

The provisions of this statute have been considered by several trial courts of the state but under substantially different facts. These cases are cited in briefs of counsel. We shall comment on them briefly.

The case of Cincinnati v. Thrall, et al., 6 O. N. P., 158, 9 O. D., 251, was an action in the Probate Court to condemn certain real estate of defendants and after the jury was empanelled the case was dismissed on the application of plaintiff. It was held that the conditions of dismissal were within the discretion of the court and that the expenses incurred by defendants should be included in the costs and paid by plaintiff.

The case of Hyde Park v. Grant, et al., 6 O. N. P. 471, 9 O. D. 723, was also a condemnation proceeding brought in the Probate Court of Hamilton County and an award was made by the jury in favor of defendants. Thereafter, the Supreme Court of the United States, in Baker v. Norwood, 172 U. S. 269, held that the statute under which the proceedings were brought was unconstitutional in respect to certain provisions. Under these circumstances, the plaintiff not being able to acquire title to the real estate thus appropriated, the court held that the motion to retax costs and to require plaintiff to pay attorney fees should be overruled.

A motion to retax costs was denied in Cincinnati v. Marshall, 29 N. P. N. S. 70 (common pleas) which was a proceeding to acquire necessary property for street improvements. Certain defendants in a separate action obtained an order restraining the city from proceeding with the appropriation case. Thereafter the city negotiated a settlement as to certain defendants and "reached an agreement as to compensation for the property described in the application." The motion to retax costs was based on §3697 GC and §11060 GC, the latter section relating solely to private or quasi-public corporations.

The Court of Appeals of the First District reversed the trial court in Village of Pleasant Ridge v. O'Meara, No. 268, decided May 17, 1915 (Cincinnati Court Index). A majority of the court held that there could be no allowance of attorney fees where appropriation proceedings were voluntarily dismissed by plaintiff. With this conclusion we are not in accord.

Cases in other states are differentiated by reason of the varying provisions of the statutes in those jurisdictions and are not determinative of the issues here, and are in fact of little help.

We are, therefore, obliged to scrutinize the statute and give it an application to the facts in this case so as to carry into effect the intention of the legislature as therein expressed.

The conditions and provisions of this statute are grounded on the initial phrase, to-wit, "When a municipality makes an appropriation of property * * *". The key word in this phrase is "appropriation" which is defined in Webster's New International Dictionary (2nd Ed.) as:

"1. * * * to take to oneself in exclusion of others; to claim or use as by an exclusive or pre-eminent right * * *."

* * *

"4. To set apart for, or assign to, a particular purpose or use in exclusion of all others."

When plaintiff by its Council adopted a Resolution of Necessity that it was necessary for the municipality to have the property of defendants for certain public purposes followed by notice to defendants, the property was set apart for a particular purpose, "in exclusion of all others" and in that sense was "appropriated."

We call attention to the opinion of Judge Spear in **Grant v. Village of Hdye Park, 67 Oh St 166,** being an appropriation case begun in the common pleas court of Hamilton County, page 173, where he said, in discussing the effect of the resolution of necessity of the Village:

"It seeks to acquire that precise property, or, putting it in a different form, it has already appropriated the property described, for the proceeding in court is one simply for the ascertainment of the amount of compensation to be paid to the land owner."

However, under the limitations of the Constitution that private property shall be held inviolate and shall not be taken for public use until compensation is first made, the plaintiff could not take possession of this property until it had paid for it. In the event it could not agree with the owner, then, pursuant to the statute, it could bring an action and have a jury empanelled to assess the value. Thereafter, the municipality "must pay or take possession of the property within six months after the assessment of compensation shall have been made." If it fails so to do, "its right to make such appropriation on the terms of the assessment so made, shall cease and determine * * *," and the judgment shall cease to be of any effect "except as to the costs adjudged against the corporation."

Only in event the municipality and the owner cannot agree on the amount of compensation after the property has been appropriated by the resolution of necessity and an action is brought to have the value assessed, would the matter of costs arise. After the plaintiff began its action, whatever costs were taxed in the case, whether on dismissal without prejudice, or

following judgment, are to be "adjudged against the corporation." The statute then provides, "upon motion of any defendant such costs may be retaxed." This the trial court did, as above stated.

In our opinion, the words 'within six months after the assessment of compensation shall have been made' are words of limitation fixing the time within which the municipal corporation must act in the acquisition of the property previously appropriated by it to public use in the exercise of its right of eminent domain. It is our view that the legislature quite obviously did not intend that the limitation of time placed upon the municipality should also be a limitation upon the right of the property owner, to be made whole in respect of proper expenses incurred by him or for which he has become obligated in the preparation of his case for trial.

It is a general rule that statutes implementing the power of eminent domain must be strictly construed. It is contended by the appellant that the rule of strict construction should be applied to the particular statute under consideration. However, where the statute under consideration, as in this case, is essentially remedial in character and where the manifest intention of the legislature is reasonably clear in disclosing a definite purpose to do justice and prevent injustice, the rule of strict construction should not be adopted.

In the instant case, the resolution of necessity was followed by proceedings to have the compensation to the defendants for the property appropriated assessed by the jury.

Notwithstanding the fact that the proceedings were dismissed before trial, and the property abandoned by plaintiff, this court is of the opinion that the statute reveals a purpose, though not artfully expressed, to compensate the owners for their reasonable expenses in relation to such proceedings.

This conclusion appears to be in keeping with the principles of rectitude and fair dealing among men. Would it not be a travesty on the rights of the defendant owners if plaintiff could lay hold of their property, for a period of two years, by appropriating it for an alleged public use and at the end of this period dismiss the proceeding without prejudice and with impunity? Such harsh consequences are not consistent with the apparent purpose and intent of the statute.

The judgment of common pleas court is affirmed and remanded thereto for execution. Exc. Order See Journal.

SKEEL, J, HURD, J, concur.